EDWARD FOX *v.* JOHN DECKER.

It is not enough for a plaintiff to prove a state of facts warranting only a conjecture that he may be entitled to recover. He must make out, *primâ facie*, a right of action, and must furnish some criterion whereby some amount of recovery can be fixed without danger of injustice; and where his own evidence leaves in doubt, not only what amount the plaintiff is entitled to, but whether he is entitled to recover at all, his complaint should be dismissed.

APPEAL by the defendant from the Marine Court, where the plaintiff recovered judgment. The substance of the pleadings and evidence are given and reviewed in the opinion.

*John Wallis* and *George Bradshaw*, for the defendant.

*Joseph Husson*, for the plaintiff.

BY THE COURT. WOODRUFF J.—It is impossible for me to discover from the return upon what finding of facts, or what view of the rights of the parties, the court below have found that the sum of $235 89 is due from the defendant to the

plaintiff. If such finding was upon conflicting evidence—and it appeared that by giving credit to a portion thereof, or assuming that some of the evidence was of greater weight than the rest, the court might come to the result indicated by the finding—we should not interfere, because we thought that had the same evidence been submitted to us we should have found differently.

The plaintiff here declared for rent, and for the use and occupation of a basement and vault for five months, to wit, from the 1st of May to the 1st of October, 1853, at the rate of $1,000 per annum.

The answer set up, as defences, a general denial of the complaint; payment; that the occupation by the defendant was under a special agreement; the breach by the plaintiff of the special agreement under which the defendant occupied; and an eviction by the plaintiff.

The occupation of the premises for the period of five months was distinctly proved.

The testimony of the witnesses appears to establish, without contradiction or doubt, that in April, 1853, a negotiation was on foot between the plaintiff and defendant, which progressed so far that they had both agreed that the defendant should occupy the premises at $1,000 a year, and should take and have the fixtures therein at the price of $1,600; and it would seem that the defendant then paid $150, and the plaintiff gave him possession of the premises. But it is impossible to say from the evidence what the terms of payment were, or that any terms of payment were finally agreed upon. A paper was drawn up on behalf of the plaintiff which the defendant refused to sign, objecting to the times of payment, and which the court below refused to receive in evidence. No light on the subject can be gathered from that. Other negotiations took place, and another paper was drawn up, but that is not shown to have been executed, and that is not produced.

One of the plaintiff's witnesses states that the rent was agreed upon at $1,000 a year; but he fails to show (except as he refers to the draft of the agreement, which was not received

in evidence), anything in regard to the payment for the fixtures; and as to the rent, he entirely fails to show that any time was assented to by the defendant for its payment. The other witness for the plaintiff, however, states that the parol agreement was, that the defendant should take the premises at $1,000 a year, and give $1,600 for the fixtures in them; and adds, "He was to pay $500 dollars on the 1st of May."

On cross examination, he says, "The rent of the premises was to be $1,000; the fixtures $1,600; $500 were to be paid down on 1st May; $250 were to be paid on 1st October; and $250 every three months thereafter. Of the $500, $470 were paid down.

And in stating the payments which the defendant wished to make, he says, "The first payment was to be made on the 1st October, $250; and $250 every three months afterwards until the rent and fixtures were paid.

Now, it is arithmetically true that the defendant could never pay for the rent and fixtures by paying $250 on the 1st of October, and $250 every three months thereafter, for this would be paying the amount of the rent only—viz. $1,000 a year.

The inference is mathematically inevitable, that either the witnesses do not state the whole of the agreement, or that the defendant entered into possession while the details of the arrangement were open and unsettled, under a general understanding that he was to pay $1,600 for the fixtures, and $1,000 a year rent; but the times of payment, except as to the first $500, to be afterwards arranged as they should agree.

The proof further shows that the defendant having paid "$470 down"—*i.e.* on the 1st of May—and having occupied until October 1st—and no further payment being made, the plaintiff rescinded the agreement, so far forth as any agreement can be said to have been concluded between them, and resumed the possession of the premises and the fixtures. Whether this was done with or without the defendant's consent, or by his permission, was not shown.

If the payment of the $470 is to be deemed a payment on account of the fixtures, and it seems to me that the evidence

shows that it was so, then the amount of rent accrued during the defendant's occupation, at $1,000 a year, five months, is $416 66. But if the court below found that the plaintiff in taking possession of the fixtures, etc., violated the contract of sale and letting, or rescinded the whole agreement, then he had in his hands $470 of the defendant's money, received under the agreement, which in justice and equity the defendant might insist should be allowed in satisfaction, or as a set off against the rent. If, however, the defendant, by not claiming a set off or recoupment in his answer, had no right to insist under the pleadings upon such an application of the money, then the court should have given judgment for the rent which had accrued ; and whether this should be $250 or $416 66 is upon the evidence left in great doubt. If the times of payment were not definitely agreed upon, and yet the occupation was mutually assented to, then the usual quarter days govern the payment of rent, and only $250 had accrued on the 1st of October ; while if the witnesses are to be understood as meaning that no rent was to be paid until the first of October, and then only $250, it is impossible to see how the plaintiff was ever to get payment for his rent and the fixtures also. And on the other hand, if when the negotiations failed and it became manifest that the parties could not come to an agreement, it was deemed proper to allow a recovery for the whole period of the occupation pending the negotiation, and to leave the defendant to recover back the money paid on account of the fixtures (which he has not in his answer sought to set off, nor claimed any recoupment on account thereof) ; then the plaintiff, upon the ground that he was entitled to so much as the premises were worth during the period of the defendant's use and occupation, should have recovered $416 66.

If the pleadings would admit, I should have no hesitation in saying that the only inference reasonably deducible from the whole case, as exhibited, is that no definite agreement was ever in fact made by these parties, beyond an agreement in respect to the value of the fixtures and of the rent, and an actual payment of $470 in part payment for the fixtures. That an occu-

pation commenced, under a mutual expectation that satisfactory terms of payment would be agreed upon, but that that expectation failed, and the occupation ceased after five months and the plaintiff resumed possession. In this no breach of contract seems imputable to either party, except, perhaps, as to the $30 which the defendant was to pay on the 1st of May in addition to the $470, but even this can hardly be deemed a breach of contract, when the whole terms of the contract had not been agreed upon.

Under such circumstances, it seems to me that the plaintiff was entitled to recover so much as the benefits derived by the defendant (while he was occupying by mutual consent, and pending an endeavor to effect a permanent arrangement), were reasonably worth to him, taking into view the amount which the parties had agreed to as the rent per year, and also taking into view the value of the use of the fixtures which he had also at the same time enjoyed, and that against the amount so found the defendant should be allowed the sum paid, $470.

I am, however, aware that this view of the subject is in no slight degree conjectural, and I am compelled to return to the observation that it is impossible for me to say, under these pleadings and upon this evidence, how much, if anything, this plaintiff is entitled to recover, nor can I find grounds for sustaining the judgment which the court below have given.

It is the duty of a plaintiff to furnish evidence which is *primâ facie* sufficient to sustain his case and furnish some criterion by which the amount of the recovery may be governed without danger of injustice. This, I think, he failed to do.

The judgment must be reversed. Such reversal, however, is not to be deemed tantamount to a judgment for the defendant; but the just disposition of the case, as it now appears, is to leave the plaintiff to prosecute further, if so advised.

Ordered accordingly.